IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 4:18-CR-00011 |
| ) | |
| ASHLEY TIANA ROSS, ) | |
| ) | |
| Defendant. ) | |

**OBJECTIONS BY ASHLEY TIANA ROSS TO GOVERNEMENT'S SECOND DEMAND FOR NOTICE OF ALIBI AND MOTION FOR AN ORDER RELIEVING ANY OBLIGATION TO RESPOND TO SUCH NOTICE**

Defendant Ashley Tiana Ross objects to the Government's Second Demand for Notice of Alibi (ECF 527) and moves for entry of an order relieving her of any obligation to respond to said notice, as follows:

1. The United States has filed a Second Demand for Notice of Alibi demanding that Ross provide a written notice of intent to offer an alibi defense as to the following matters:

| Offense(s) and Count(s) of Superseding Indictment | Date of Offense | Time of Offense | Location of Offense |
|---|---|---|---|
| RICO (Overt Act B) Murder of Christopher Motley and Attempted Murder of Justion Wilson (Count 1) | August 20, 2016 | 12 noon to 2 pm (Time of one of alleged planning meetings for murder) | 124 Forest Lawn Drive, Danville, Virginia |
| RICO (Overt Act B) Murder of Christopher Motley and Attempted Murder of Justion Wilson (Count 1) | August 20, 2016 | 10:00 p.m. to 11:00 p.m. (Shooting of Christopher Motley and at Justion Wilson) | Southwyck Hills ApartmentsDanville, Virginia |

| Accessory After the Fact (Count 20) | August 20-21, 2016 | August 20, 2016 at 10:30 p.m. to August 21, 2016 at 12 a.m. | Southwyck Hills Apartments, Danville, Virginia |

2. Ross joins in the objections filed by defendant Marcus Jay Davis (ECF 546), and in addition states as follows.

3. The government's alibi demand fails to comply with Rule 12.1(a)(1) of the Federal Rules of Criminal Procedure. That rule provides that, "[a]n attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the **alleged offense**" [emphasis added]. In this case the Government's demand seeks an alibi for a time that is not the time of the alleged offenses, "VICAR Murder of Christopher Motley (Count 10); VICAR Attemped Murder of Justin Wilson (Count 12)." Instead it seeks an alibi for an "alleged planning meeting for murder." Nothing in Rule 12.1 permits the Government to seek information or discovery from Defendant for times or activities that are not an "alleged offense." Indeed, the discovery provided to Defendant thus far indicates that the alleged offenses of murder and attempted murder in question occurred at approximately 10:27 p.m. on August 20, 2016 — at least eight hours after noon to 2 p.m. on August 20, 2016 — the timeframe set forth in the Government's alibi demand. Moreover, according to discovery produced, the alleged offenses, murder and attempted murder, are not alleged to have taken place at the place set forth in the demand, 124 Forest Lawn Drive, Danville, Virginia.

4. "Rule 12.1 was promulgated to avoid the possibility of unfair surprise on the part of the Government and cause undue delay in the trial because of an unexpected presentation of an alibi defense by the defendant." *United States v. Brickman*, 491 F. Supp. 277, 279 (E.D. Pa 1980) (citing Notes of Committee on the Judiciary House Report No. 94-247). However, the

"Rule is not available as a device to be used for purposes of broad discovery or to require a defendant to respond to alibi demands for time, place and date that are unnecessarily vague. The only fair reading that can be subscribed to the Rule is that it was intended to be reciprocal in the sense that, while the defendant must respond to the Government's demand by stating, 'the *specific* place or places at which the defendant claims to have been at the time for the alleged offense, …. (emphasis supplied), the Government must also initially state with specificity the 'time, date and place at which the alleged offense was committed ….'"

5. While in this case the Government has set forth a specific place and two-hour window for which it seeks an alibi, because that two-hour window and place are not the time and place of the alleged offenses, Rule 12.1 is not available to the Government to require the Defendant to reply with an alibi for that time, date and place.

6. Significantly, this is not a case where the offenses alleged in the demand occurred over a long period of time, "thereby necessitating a lack of specificity as to the time of the alleged offense in a demand for notice of an alibi defense." *Id*. at 279. In such cases, such as conspiracy, which may be accomplished over a long period of time, the prosecutor may "seek notice-of-alibi with respect to a discrete temporal aspect of the crime charged." *United States v. Vela*, 673 F.2d 86, 88-89 (5th Cir. 1982); *Brickman*, 491 F. Supp at 279. Such is not the case here. While the Defendant is charged in a RICO conspiracy, that charge is not one of the alleged offenses contained in the alibi demand. Those offenses, murder and attempted murder, have discreet times, dates, and places, that are not consistent with the alibi demand filed by the Government.

7. The Supreme Court has addressed the implications of notice-of-alibi rules on a defendant's Fifth and Sixth Amendments rights of due process and against self-incrimination.

3

*Williams v. Florida*, 399 U.S. 78 (1970). In *Williams*, the Court held that Florida's notice-of-alibi rule, which is substantively similar to Rule 12.1, did not violate these constitutional rights. However, if the Government is permitted to seek alibi-like discovery from the Defendant for alleged activity that is not actually an alibi for the alleged offense, then such demand would violate the accused's right not to be "compelled in any criminal case to be a witness against himself."

8. The same is true with respect to the second and third time periods set forth in the demand for alibi. The United States seeks discovery with respect to Ross' whereabouts from "10:00 p.m. to 11:00 p.m." on August 20, 2016, and on "August, 20-21, 2016 [from] 10:30 p.m. to August 21, 2016 at 12 a.m." (Note that the time referenced in paragraph 3, above, includes the same one-half hour referenced in paragraph 2, above, that is, 10:30 p.m. to 11:00 p.m. on August 20, 2016. So, collectively, the second and third paragraphs seek discovery of Ross' whereabouts from 10:00 p.m. on August 20, 2016 to midnight on August 21, 2016).

9. With respect to the second request, the indictment makes no reference to a specific time (see ECF 207, at 7-8, ¶ 12(b)), though through discovery, and generally throughout these proceedings, as stated the United States has claimed that the murder and attempted murder took place at approximately 10:27 p.m. on August 20, 2016.

10. And though the third request references Count 20 of the superseding indictment (charging accessory after the fact), that count does not allege that the offense took place at any particular date, time or place.[1] Thus, it is readily apparent that the requests are not properly

---

[1] Count 20 charges that "[o]n or about August 20, 2016, in the Western District of Virginia, ASHLEY TIANA ROSS knowing that an offense against the United States has [sic] been committed, to wit, murder, attempted murder, and assault with a dangerous weapon in aid of racketeering … did receive, relieve, comfort, and assist one or more members of the Rollin 60s gang, in order to hinder and prevent the offenders [sic] apprehension, trial, and punishment by

4

tethered to the indictment as required by Fed. R. Crim. P. 12.1, and are in reality improper requests for discovery and therefore contravene the Fifth and Sixth Amendments.

WHEREFORE, Ashley Tiana Ross asks the Court to sustain her objections and order that she is not required to respond to the notice.

Respectfully submitted,

ASHLEY TIANA ROSS

By    */s/Terry N. Grimes*
       Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016
(540) 982-3711
(540) 345-6572 *Facsimile*
tgrimes@terryngrimes.com
      Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via the CM/ECF system to all counsel of record, on the 9th day of July, 2019.

*/s/ Terry N. Grimes*
Terry N. Grimes

---

disposing of evidence related to the charged offenses, to wit, disposing of shell casings and cleaning part of the crime scene in order to help avoid detection from law enforcement" (ECF 207, at 19, ¶ 61).

5