IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal No. 4:18-CR-00011 |
| ASHLEY TIANA ROSS, | ) ) ) | |
| Defendant. | ) | |

**THIRD MOTION TO MODIFY ORDER SETTING CONDITIONS OF RELEASE**

It has been nearly a year since defendant Ashley Tiana Ross' pre-trial release was last reviewed by this Court on August 31, 2018 (see ECF 185). Ross respectfully requests review and modification of certain terms and conditions, as follows:

1. By way of background, Ross is 23 years old (she was 20 years old at the time of the matters alleged in the superseding indictment), a life-long resident of Danville, Virginia with extensive family ties to the area, the mother of two children, and at the time of her arrest on June 14, 2018 was gainfully employed working two jobs. She has no criminal history, is not a flight risk and does not present a danger to herself or anyone else. And, she is presumed innocent of the charges against her.

2. One of the terms of release is that Ashley wear a GPS device (see ECF 76, ¶8(u)(iv). The probation officer recently recommended that Ashley approach the Court and seek removal of the device, and that makes sense.

3. Ashley has not committed any crimes while on supervised release or otherwise violated the terms and conditions of release. One of the problems with the

GPS device is that Ashley is petite and the device is bulky (a little smaller than a standard coffee cup) and is affixed to her leg.



4. The device cut into her leg creating a wound and leaving permanent scarring.



5. In addition, the device cost Ross a good job at Bright Leaf Assisted Living in Danville. Ross enjoyed working at Bright Leaf and was well-loved by the residents there. But, apparently a family member or other employee saw the device on Ashley's leg and complained, and as a result she was fired. Ross has appeared voluntarily at every hearing in this case. She is not a flight risk or danger to anyone, so she asks that the Court order that the device be removed.

6. Next, the order prohibits travel outside the western district of Virginia without the permission of the pre-trial services officer (ECF 76, at ¶8(i)). Next week on August 10th, Ross' church is taking a group of children to Emerald Point near Greensboro, North Carolina. Ross and her children would like to go and enjoy a good family time together before school starts (Ross' children are still too young for school,

but lots of their cousins and friends start school soon). Ross has already missed two opportunities to do similar things this summer. Just last week she missed out on a similar opportunity because neither she nor counsel could reach her pretrial services officer to obtain approval (and pretrial services should not have to approve a day trip to a water park anyway).

7. Restricting travel to the western district of Virginia does not make sense, particularly because Danville is right next to the North Carolina State line. Greensboro is only about 45 miles from Danville. Ross could drive just across the state line to North Carolina and be in violation of the order but drive 180 miles to Abingdon and be in compliance. This does not make sense. Ross submits that no travel restrictions within the United States (Ross does not have a passport and has never travelled outside the United States) are necessary — as stated, she has appeared at every hearing, and if she was a flight risk she has had ample opportunity to abscond — but if the Court feels the need for one, Ross suggests that travel more than 200 miles from the city of Danville be prohibited without permission from the Court or the supervising officer.

8. Finally with respect to curfew, at times Ross' curfew has been close to house arrest. More recently, Ross has been permitted to leave the house from 11:00 a.m. to 1:00 p.m. for non-work related matters. This is not reasonable. As stated, there is no need for a curfew in this case, and a curfew should not be punitive. With two small children and family in the area, there are many reasons Ross needs to leave the house at some time other than 11:00 a.m. to 1:00 p.m. For example, if one of her children gets sick and Ross needs to run to CVS late at night, there is no way she could be expected to reach the supervising officer, and Ross should not have to worry about violating the order

to get medication for her child. If the Court feels the need for any curfew, Ross suggests 11:00 p.m. unless she is working.

      9.     Ross has sent a copy of this motion to counsel for the United States soliciting its position concerning these matters.

WHEREFORE, defendant Ashley Tiana Ross requests a hearing and order addressing these matters.

                                               Respectfully submitted,

                                               ASHLEY TIANA ROSS

                                               By    */s/Terry N. Grimes*
                                                      Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016
(540) 982-3711
(540) 345-6572 *Facsimile*
tgrimes@terryngrimes.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via the CM/ECF system to all counsel of record on the 31st day of July, 2019.

                                               */s/ Terry N. Grimes*
                                                 Terry N. Grimes