IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-CR-00011 |
| | ) | |
| ASHLEY TIANA ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ASHLEY TIANA ROSS' MOTION FOR BILL OF PARTICULARS WITH RESPECT TO THE UNITED STATES' NOTICE OF INTENT TO INTRODUCE RULE 404(B) EVIDENCE**

Defendant Ashley Tiana Ross, by counsel, moves for entry of an order compelling the United States to provide a Bill of Particulars with respect to its Notice of Intent to Introduce Rule 404(b) Evidence (ECF 651), as follows:

In its Notice of Intent to Introduce Rule 404(b) Evidence, the United States states,

Another example of the conspiracy between the Rollin 60s and Millas occurred four months later, on April 26, 2016, when members of both gangs loaded into multiple vehicles and drove through the Billys' gang territory and shot at African-American males and houses along Garland Street as retaliation for a slight against a Milla gang member from the "800" neighborhood. In response, a few minutes later, members of the Billys, Rollin 60s, and Milla gang members engaged in a gun battle on Berryman Avenue, which is in the "800" neighborhood. Defendants Marcus Davis, Phillip Miles, Shabba Chandler, Deshaun Trent, and Kevin Trent were part of the armed convoy that shot up Garland Street, and *Defendant Ashley Ross drove one of the vehicles. Immediately after the Berryman Avenue shoot-out, Ross also lied to Danville Police Department officers to cover up and protect herself and the Rollin 60s and Millas with whom she had just committed attempted murder.* At trial, the United States intends to introduce evidence regarding these two shooting events.

(ECF 651, at 2 – 3).

1

In addition to the matters raised in defendant Dashaun Lamar Trent's Motion for Bill of Particulars and Other Relief as Regards Government's August 30th Disclosure as to Matthew Ferguson (ECF 716), in which Ross joins and incorporates by reference herein, a bill of particulars is requested pursuant to Federal Rules of Criminal Procedure 7(f) so that the defendant can adequately defend herself against the charges made against her in the Rule 404(b) Notice. As stated by the Fourth Circuit Court of Appeals in *United States v. Schembari*, 484 F.2d 931, 934-35 (1973);

> It is settled that the purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense.

A bill of particulars enables a defendant to prepare for trial, to prevent surprise, and to interpose a plea of jeopardy should she be prosecuted a second time for the same offense. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2nd Cir. 1987). A bill of particulars is required where the charges are so general that they do not advise a defendant of the specific acts of which she is accused. *United States v. Torres*, 901 F.2d 205, 234 (2nd Cir. 1990). In deciding a motion for bill particulars, the important question before the Court is whether the information sought is necessary. *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990). The decision of whether to grant a bill of particulars rests within the sound discretion of the district court. *Bortnovsky*, 820 F.2d at 574.

In cases where the prosecutor alleges criminal activity in broad, sweeping terms, the prosecutor has "an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988). Where the government does not fulfill this obligation, the trial

court must exercise its discretion to order a bill of particulars. *See Id.* The government's adoption of an open file discovery policy or its provision of millions of pages of documents during discovery does not substitute for a bill of particulars. *See Bortnovsky*, 820 F.2d at 575. The information requested in this case through a bill of particulars is necessary in order for the defendant to prepare for trial. *United States v. American Waste Fibers Co.*, 809 F.2d 1044 (4th Cir. 1987). Indeed, "…the bill of particulars [sought], if granted, serves to supply the evidentiary details needed to prepare a defense [in this case]." 809 F.2d at 1047.

Here, the Rule 404(b) Notice charges among other things that Ross "committed attempted murder" — an admittedly very serious charge. The notice does not state, however, exactly how Ross "attempted murder," precisely when and where she allegedly "drove one of the vehicles," whether she fired shots at anyone and with what weapon, where she was and what she was doing at the time shots were fired, whether she was arrested at the time on state or federal attempted murder charges or otherwise, and so forth. The Notice is particularly perplexing as there is nothing in the discovery produced by the United States to date that would support a finding that Ross ever "attempted murder" as charged in the Notice.

## CONCLUSION

For the above-stated reasons, Ashley Tiana Ross respectfully requests that the Court order the United States to provide the requested particulars, or prohibit the United States from offering the evidence in question at trial.

Respectfully submitted,

ASHLEY TIANA ROSS

By    */s/Terry N. Grimes*
        Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C
320 Elm Avenue, SW
Roanoke, Virginia 24016
(540) 982-3711
(540) 345-6572 *Facsimile*
tgrimes@terryngrimes.com
  Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the

Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via the

CM/ECF system to all counsel of record, on the 9th day of September, 2019.

*/s/ Terry N. Grimes*
Terry N. Grimes